United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent<br><br>　　v.<br><br>DARIUS WILLIAM LI CHUNG,<br><br>　　　　Defendant/Movant.<br>_____/ | Nos.　CR 12-00047 PJH and<br>　　　　CR 12-289 PJH<br><br>**ORDER TO SHOW CAUSE** |

Before the court is the motion of defendant Darius William Li Chung for an order under 28 U.S.C. § 2255 to vacate his sentence. For the reasons set forth below, the court orders respondent to show cause why relief should not be granted.

**BACKGROUND**

Movant Chung is currently serving a sentence imposed by this court pursuant to guilty pleas entered to one count of conspiracy to distribute marijuana, charged in case number CR 12-289 PJH, and one count of possession of firearms in relation to a drug trafficking offense, charged in case number CR 12-47 PJH. Judgment was entered in both cases on September 4, 2012.

**DISCUSSION**

On November 18, 2013, Chung filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides in part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Chung asserts the following grounds for relief: (1) ineffective assistance of counsel (a) for advising Chung to plead guilty to the firearm possession count and (b) for failing to challenge the insufficient factual basis to establish a drug/gun nexus, resulting in entry of a plea that was not voluntary and intelligent; and (2) actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.") (citations and internal quotation marks omitted). Liberally construed, these claims appear colorable under 28 U.S.C. § 2255 and merit an answer from respondent.

## CONCLUSION

For the foregoing reasons:

1. Respondent shall file with the court and serve on Chung, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" being served by Chung.

2. If Chung wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: December 11, 2013

PHYLLIS J. HAMILTON
United States District Judge